IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIE DREYER and RONALD DREYER,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON, and ETHICON, INC.,<br><br>    Defendants. | 8:20CV535<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants' motions to dismiss, Filing Nos. 15 and 18. This is a products liability action involving surgical mesh. The plaintiffs assert claims for negligence, strict liability—design defect, strict liability—manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, fraudulent concealment, constructive fraud, negligent misrepresentation, common law fraud, gross negligence, negligent infliction of emotional distress, and unjust enrichment. They seek compensatory and punitive damages. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

The plaintiffs' motion to dismiss the original complaint has been rendered moot by the filing of an amended complaint. In their motion to dismiss the first amended complaint, defendants argue that the plaintiffs fail to state claims on which relief can be granted with respect to all of the plaintiffs' claims other than failure to warn. The plaintiffs oppose the motion arguing that the allegation in the first amended complaint are sufficient to state cognizable claims under South Dakota law. They seek leave, however, to file a second amended complaint to clarify their claims and to provide further factual detail. Also, they

1

state that plaintiff Ronald Dreyer's loss of consortium claim was inadvertently omitted from their first amended complaint and they seek to remedy that omission.

The Court finds the plaintiffs motion for leave to amend should be granted. They assert Ronald Dreyer's consortium claim is derivative of Marie Dreyer's claims and was pled in their original complaint. The defendants were on notice of the claim and will not be prejudiced by its assertion at this time because the action in in its early stages and no progression order has yet issued. The Court thus finds the motion should be denied without prejudice to reassertion. The defendants' motion to dismiss the first amended complaint will be rendered moot by this order.

IT IS ORDERED THAT:

1. Defendants' motion to dismiss the plaintiffs' original complain (Filing No. 15) is denied as moot.

2. Defendants' motion to dismiss the plaintiffs' first amended complaint (Filing No. 18) is denied as moot .

3. Plaintiffs are granted leave to file a second amended complaint within seven days of the date of this order.

Dated this 23rd day of April 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge