IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARIE DREYER, and RONALD DREYER,

  Plaintiffs,

vs.

JOHNSON & JOHNSON, and ETHICON, INC.,

  Defendants.

8:20CV535

MEMORANDUM AND ORDER

This issue is before this Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 24. The plaintiffs, Marie and Ronald Dreyer, filed this suit against defendants Johnson & Johnson and Ethicon, Inc., alleging thirteen distinct claims for relief. Filing No. 23. These claims all arise from alleged injuries sustained by M. Dreyer from a Prolift pelvic mesh implant. *Id.* at 1. The plaintiffs seek compensatory damages, restitution, attorneys' fees, and punitive damages. Filing No. 23 at 77. This Court has jurisdiction under 15 U.S.C. § 1332(a).

**Factual Background**

M. Dreyer received a Prolift pelvic mesh implantation to treat uterine and vaginal vault prolapse in May 2008. Filing No. 23 at 1. She developed complications and underwent surgery to treat those complications in 2014. Filing No. 23 at 2. The plaintiffs allege these complications are directly attributable to risks and problems inherent in the Prolift's design and manufacture. Filing No. 23 at 21. The plaintiffs allege the defendants

1

knew about the risks and problems associated with the Prolift mesh and failed to disclose those risks to the plaintiffs, physicians, or the public. Filing No. 23 at 22.

Further, the plaintiffs allege the defendants made fraudulent misrepresentations regarding the Prolift's safety on several occasions including when the plaintiff's physician first purchased a Prolift, immediately before and during the implantation procedure, and at professional training programs. Filing No. 23 at 25. Plaintiffs allege the defendants fraudulently concealed the material risks of adverse complications thereby hindering the discovery of the Prolift's relationship to M. Dreyer's injuries. Filing No. 23 at 28.

The Plaintiffs filed their original complaint in this Court on December 28, 2020. Filing No. 1. The Plaintiffs filed their first amended complaint on March 17, 2021 and filed their second amended complaint on April 26, 2021. Filing Nos. 17 and 23. The defendants have timely filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 24.

**Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a

probability but asks for more than a sheer possibility that a defendant has acted unlawfully). The Court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. The evaluation prompted by a 12(b)(6) motion requires the court to construe the complaint in the light most favorable to the plaintiff and to accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018). The Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. *See* Fed. R. Civ. P. 12(d). Matters outside the pleadings include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999). The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

Federal Rule of Civil Procedure 9(b) requires plaintiff's alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "That is, the plaintiff must plead "the who, what, when, where, and how." *Meardon v. Register*, 994 F.3d 927, 934 (8th Cir. 2021) (quoting *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 800 (8th Cir. 2011)). "Where 'the facts constituting the fraud are peculiarly within the opposing party's knowledge,' the 'allegations may be pleaded on information and belief' if 'accompanied by a statement of facts on which the belief is founded.'" *United States*

3

*ex rel. Strubbe v. Crawford County Memorial Hospital*, 915 F.3d 1158, 1163 (8th Cir. 2019) (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009)). The purpose of the enhanced requirements for pleading fraud is to ensure the defendants are on notice and protected from baseless claims. *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 918 (8th Cir. 2014).

**Discussion**

The Court has reviewed the second amended complaint and finds all of Plaintiff's claims are properly pled. Construed in the light most favorable to the plaintiffs, the Court can reasonably infer that the complaint has facial plausibility. Assuming all facts alleged are true, the Court finds the complaints sufficient to put the defendants on notice regarding the facts alleged, including the fraud allegations. See *Philpott v. Evenflo Co. Inc.*, 2021 WL 50463 (D. Neb. January 6, 2021 (in accordance with Rule 8(a)(2) a complaint need only "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests.")). The facts as alleged leads this Court to believe that discovery will reveal evidence of plaintiff's claim. See *Legal Aid of Nebraska, Inc. v. Chaina Wholesale, Inc.*, 2020 WL 42471, at *1 (D. Neb. Jan. 3, 2020). Accordingly, the Court will deny defendants' motion to dismiss.

THEREFORE, IT IS ORDERED THAT defendants' motion to dismiss, Filing No. 24, is denied.

Dated this 24th day of August 2021.

        BY THE COURT:

        s/ Joseph F. Bataillon
        Senior United States District Judge